BPS/JFV:mg                                                                                          20-257-3-148

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SABRINA FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Court No.: 08 C 449 |
| | ) |
| SOUTH WESTERN MOTOR SALES, INC., | ) |
| d/b/a TOYOTA SCION ON WESTERN AND | ) |
| SANTANDER CONSUMER USA, INC. | ) |
| d/b/a DRIVE FINANCIAL SERVICES | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT SOUTH
WESTERN MOTOR SALES, INC.'S
MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

Defendant, SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA ON WESTERN and d/b/a SCION ON WESTERN, improperly sued as SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA SCION ON WESTERN, by and through its attorneys, CREMER, KOPON, SHAUGHNESSY & SPINA, LLC, Brian P. Shaughnessy, and Jaya F. Venkataramani, and for its *Memorandum in Support of its Motion to Dismiss Count II of Plaintiff's Complaint*, states as follows:

**FACTS**

1. That on January 21, 2008, Plaintiff, Sabrina Flowers, brought an action in the United States District Court for the Northern District of Illinois.

2. That the Plaintiff filed a five-count Complaint against Defendants, South Western Motor Sales, Inc., d/b/a Toyota Scion on Western and Santander Consumer USA Inc., d/b/a Drive Financial Services, alleging violations of the Illinois Consumer Fraud Act, 815

1

ILCS 505/2 et seq., the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq., and alleging negligence arising out of a transaction involving the purchase of a used 2005 Mitsubishi Galant. A copy of Plaintiff's Complaint is attached hereto and made a part hereof as *Exhibit A*.

3. That Count II of Plaintiff's Complaint alleges that Defendant, South Western Motor Sales, Inc. is a "creditor" as defined by the Equal Credit Opportunity Act, 15 U.S.C. §1691(a)(e) because it "regularly referred applicants to creditors, selected creditors to whom such applications would be made and did so in this case". *See Exhibit A*.

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim for which relief may be granted. *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115 (7th Cir. 1995). A motion to dismiss under 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.2d 1074, 1080 (7th Cir. 1997). The court must accept as true all of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences. *Id*. The court must determine "whether relief is possible under any set of facts that could be established consistent with the allegation." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Dismissal is proper if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim that would

entitle her to the relief requested. *Conley*, 355 U.S. at 45-46; *Kennedy v. National Juvenile Detention Association*, 187 F.3d 690, 695 (7th Cir. 1999).

## ARGUMENT

Count II of Plaintiff's Complaint fails to state a cause of action upon which relief may be granted, and accordingly should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Count II alleges that Defendant, South Western Motor Sales, Inc. is a "creditor" as defined by the Equal Credit Opportunity Act, 15 U.S.C. §1691(a)(e) because it "regularly *referred* applicants to creditors, *selected* creditors to whom such applications would be made and did so in this case" (emphasis added). *See Exhibit A*.

However, under the Equal Credit Opportunity Act, 15 U.S.C. §1691(a)(e) "Definitions," defines the term "creditor" as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." This definition of creditor is further defined in the Code of Federal Regulations, 12 C.F.R §202.2(a)(12), promulgated pursuant to the Equal Credit Opportunity Act, defining a creditor as "a person who, in the ordinary course of business, regularly participates in the decision of whether or not to extend credit. The term includes a creditor's assignee, transferee, or subrogee who so participates."

In this case, the Equal Credit Opportunity Act does not apply to Defendant South Western Motor Sales, Inc., because this Defendant did not extend or renew credit or arrange for the extension or renewal or continuation of credit to the Plaintiff. Moreover, Plaintiff's Complaint, on its face, alleges that Santander Consumer USA Inc., d/b/a Drive Financial Services, Inc. is the creditor and company that made the financing decisions relative to this

matter. *See Exhibit A*, at Count V. Therefore, in this case, Plaintiff fails to establish a claim upon which relief can be granted under the Equal Credit Opportunity Act. Accordingly, this Court should grant Defendant, South Western Motor Sales, Inc.'s Motion to Dismiss Count II of Plaintiff's Complaint.

## CONCLUSION

Count II of Plaintiff's Complaint fail to comply with the pleading requirements of the Equal Credit Opportunity Act. Therefore, this Honorable Court should grant Defendant, SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA ON WESTERN and d/b/a SCION ON WESTERN, improperly sued as SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA SCION ON WESTERN's Motion to Dismiss Count II of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

/s/ Brian P. Shaughnessy
One of the Attorneys for
South Western Motor Sales, Inc.

Brian P. Shaughnessy
Jaya F. Venkataramani
CREMER, KOPON, SHAUGHNESSY & SPINA, LLC
Attorneys for Defendant, South Western Motor Sales, Inc.
180 North LaSalle Street, Suite 3300
Chicago, IL 60601
Tel: (312) 726-3800
Fax: (312) 726-3818
ARDC No.: 3125181

186260