BPS/JFV:mg

20-257-3-148

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SABRINA FLOWERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Court No.: 08 C 449 ) |
| SOUTH WESTERN MOTOR SALES, INC., d/b/a TOYOTA SCION ON WESTERN AND SANTANDER CONSUMER USA, INC. d/b/a DRIVE FINANCIAL SERVICES | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT SOUTH
WESTERN MOTOR SALES, INC.'S
MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

Defendant, SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA ON WESTERN and d/b/a SCION ON WESTERN, improperly sued as SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA SCION ON WESTERN, by and through its attorneys, CREMER, KOPON, SHAUGHNESSY & SPINA, LLC, Brian P. Shaughnessy, and Jaya F. Venkataramani, and for its *Memorandum in Support of its Motion to Dismiss Count III of Plaintiff's Complaint*, states as follows:

**FACTS**

1. That on January 21, 2008, Plaintiff, Sabrina Flowers, brought an action in the United States District Court for the Northern District of Illinois.

2. That the Plaintiff filed a five-count Complaint against Defendants, South Western Motor Sales, Inc., d/b/a Toyota Scion on Western and Santander Consumer USA Inc., d/b/a Drive Financial Services, alleging violations of the Illinois Consumer Fraud Act, 815

1

ILCS 505/2 et seq., the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq., and alleging negligence arising out of a transaction involving the purchase of a used 2005 Mitsubishi Galant. A copy of Plaintiff's Complaint is attached hereto and made a part hereof as *Exhibit A*.

3. That Count III of Plaintiff's Complaint alleges that Defendant, South Western Motor Sales, Inc. was negligent and acted in a willful and wanton manner by purposefully forging Plaintiff's income statements and concealing the forgery from the Plaintiff. *See Exhibit A*.

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim for which relief may be granted. *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115 (7th Cir. 1995). A motion to dismiss under 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.2d 1074, 1080 (7th Cir. 1997). The court must accept as true all of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences. *Id.* The court must determine "whether relief is possible under any set of facts that could be established consistent with the allegation." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Dismissal is proper if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim that would

entitle her to the relief requested. *Conley*, 355 U.S. at 45-46; *Kennedy v. National Juvenile Detention Association*, 187 F.3d 690, 695 (7th Cir. 1999).

## ARGUMENT

Count III of Plaintiff's Complaint fails to state a cause of action upon which relief may be granted, and accordingly should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

A complaint alleging fraud in Federal Court must not only conform to Federal Rule of Civil Procedure 12(b)(6), but must also comply with the mandates of Federal Rule of Civil Procedure 9(b) which requires that "all averments of fraud" be "stated with particularity." Fed. R. Civ. P. 9(b). To satisfy the requirements of Rule 9(b), a plaintiff must identify "the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992)(quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)). More specifically, particularity means the plaintiff must plead "the who, what, when, where, and how…" *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). The purposes of the particularity requirement for allegations of fraud under Rule 9(b) is (1) protecting a defendant's reputation from harm; (2) minimizing "strike suits" and "fishing expeditions"; and (3) providing notice of the claim to the adverse party. *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (citing *Uni\*Quality, Inc.*, 974 F.2d at 924).

In this case, Plaintiff, Sabrina Flowers, has failed to comply with the heightened pleading requirements under Federal law to state a claim for negligence as a result of an alleged forgery and concealment of such forgery. In Count III, paragraph 37 of Plaintiff's Complaint, she states

3

that "Toyota Scion acted in a willful and wanton manner by: (A) Purposefully and deliberately Forging plaintiff's income statements. (B) Concealing the Forgery from plaintiff." *See Exhibit A*. Plaintiff fails to identify the identify the person who allegedly forged her income verification document, concealed the forgery from Plaintiff, the time, place and content of this alleged misrepresentation, and the method by which the misrepresentation was communicated. Accordingly, as Plaintiff fails to satisfy the heightened pleading requirements for fraud under Federal Rule of Civil Procedure 9(b), Count III of Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Count III of Plaintiff's Complaint fail to comply with the heightened pleading requirements of fraud under federal law. Therefore, this Honorable Court should grant Defendant, SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA ON WESTERN and d/b/a SCION ON WESTERN, improperly sued as SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA SCION ON WESTERN's Motion to Dismiss Count III of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

/s/ Brian P. Shaughnessy
One of the Attorneys for
South Western Motor Sales, Inc.

Brian P. Shaughnessy
Jaya F. Venkataramani
CREMER, KOPON, SHAUGHNESSY & SPINA, LLC

4

Attorneys for Defendant, South Western Motor Sales, Inc.
180 North LaSalle Street, Suite 3300
Chicago, IL 60601
Tel: (312) 726-3800
Fax: (312) 726-3818
ARDC No.: 3125181

186473