**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SABRINA FLOWERS, ) | No. 08 C 449 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge George M. Marovich |
| ) | |
| SOUTH WESTERN MOTOR SALES, INC. ) | |
| dba TOYOTA SCION ON WESTERN ) | |
| ) | JURY DEMANDED |

## AMENDED COMPLAINT

### INTRODUCTION

1.  Plaintiff, Sabrina Flowers, brings this action to secure redress against defendants South Western Motor Sales, Inc. dba Toyota Scion on Western ("Toyota Scion") for forging finance documents in an automobile loan transaction in violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), (Count I), failure to send an adverse action letter in violation of the Equal Credit Opportunity Act (ECOA) (Count II), Negligence (Count III) and for defendant's initial refusal to return the entire down payment, violation of the ICFA, 815 ILCS 505/2C (Count IV).

### PARTIES

2.  Plaintiff, Sabrina Flowers is an individual who reside in the Northern District of Illinois.

3.  Defendant South Western Motor Sales, Inc. dba Toyota Scion on Western is an Illinois corporation that is in the business of selling automobiles. Its registered agent is located at 6941 S. Western Ave., Chicago Illinois.

4.  Former defendant Santander Consumer USA Inc. dba Drive Financial Services is an Illinois corporation that is in the business of financing automobiles. Its registered agent is CT Corporation at 208 S. LaSalle, Ste. 814, Chicago Illinois.

### JURISDICTION AND VENUE

5.  This Court has jurisdiction under 28 U.S.C. §1331 (general federal

question) and 15 U.S.C. §1691 (ECOA).  Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because Plaintiff resides in this District and the transaction took place in this District.

## FACTS RELATING TO PLAINTIFF

6. On May 28, 2007, Ms. Flowers executed a retail installment contract for a used 2005 Mitsubishi Galant.

7. Aaron Avant who identified himself as the finance manager of Toyota Scion informed Ms. Flowers that defendant would be able to obtain financing for her.

8. The executed retail installment contract provided that Drive Financial Services would provide financing for the 2005 Mitsubishi Galant.

9. As part of the financing application, Ms. Flowers provided Mr. Avant and Toyota Scion with her paycheck stub.

10. Drive Financial subsequently contacted Ms. Flowers' employer requesting verification of her income.

11. Subsequently on July 12, 2007, plaintiff was called into the Human Resource Department of her employer.

12. Ms. Flowers' employer received documentation from Drive Financial showing a forged pay stub showing an exaggerated income of $64,000.00.

13. Ms. Flowers advised her employer that she submitted to the Dealer a copy of the same pay stub provided to her and that she had not forged that document.

14. Ms. Flowers was then placed on unpaid administrative leave and received written notice of her predisciplinary meeting, which states in part that she violated the Code of Conduct and that "Honesty and integrity required to work with people with disabilities.  Falsifying documentation is unacceptable and will not be tolerated."

15. On July 16, 2007, Ms. Flowers contacted Drive Financial and informed it that her pay stub was altered by the dealership.

16. Also on July 16, 2007, plaintiff filed a police report as to the forged pay stub.

17. Drive Financial subsequently canceled the automobile financing, but failed to send an ECOA notice as to the cancelled financing.

18. The exact identity of the person at defendant who forged the documents is in the exclusive control of defendant. On information and belief, plaintiff believes that Aaron Avant forged the finance documents as he was given exclusive control of plaintiff's documents and he promised that he would obtain financing with Drive Financial.

19. Subsequently, Michelle Wysogleel from Toyota Scion contacted plaintiff to sign new documents to resolve the situation.

20. Upon arriving at the dealership, Michelle Wysogeel insisted that plaintiff sign a new contract and would not let her leave with the vehicle until she did.

21. Ms. Flowers then attempted to return her vehicle to the dealership, but Toyota Scion would not return her entire down payment as required by the Consumer Fraud Act.

22. Plaintiff called the police who instructed the dealership give plaintiff the car back so she could return home.

23. Subsequently, the dealership agreed to take back the vehicle, but it then attempted to deduct $350 from the down payment since it asserted that plaintiff left with the vehicle and it had to pay for insurance.

24. Ms. Flowers then retained counsel, but defendant still refused to refund the entire down payment as memorialized by the letter from Ms. Wysogleel.

25. Eventually, defendant agreed to return the entire down payment.

26. As a result of the forgery by the dealership, plaintiff was under the suspicion of forgery, her reputation was damaged, she was put on administrative leave

from work, she suffered extreme emotional distress and fear that she would lose her job.

27. The actions complained of herein are the acts of employees of defendant within the scope of their employment at Toyota Scion.  As such, Toyota Scion is liable for the actions of its employees and managers.

## COUNT I – ILLINOIS CONSUMER FRAUD ACT - TOYOTA SCION

28. Plaintiff incorporates ¶¶ 1-27.

29. Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, states:

**Unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission or any material fact, with intent that others reply upon the concealment, suppression or omission or such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations or the Federal Trade Commission and the federal courts relating to Section 5(a) or the Federal Trade Commission Act.**

30. Defendant engaged in unfair and deceptive acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by forging Mr. Flowers's income verification document stating her income was substantially more than the income stated on the original pay stub.

31. Toyota Scion intended that Ms. Flowers rely on its actions and purposely concealed these actions from Plaintiff.

32. Defendant engaged in such conduct in the course of trade and commerce.

33. As a result of the forgery, plaintiff was under the suspicion of forgery, her reputation was damaged, she was put on administrative leave from work, suffered extreme emotional distress and fear that she would lose her job.

WHEREFORE, plaintiff requests the following relief in favor of plaintiff and against defendant:

      A.    Actual damages and;

      B.    Punitive damages in an amount to deter Toyota Scion from forging loan documents in the future;

      C.    Attorney's fees, litigation expenses and costs of suit;

      D.    Such other or further relief as the Court deems just and proper.

**COUNT II -- EQUAL CREDIT OPPORTUNITY ACT-TOYOTA SCION**

34.    Plaintiff incorporates ¶¶1-27.

35.    Toyota Scion was a "creditor," as defined by §1691a(e) because it regularly referred applicants to creditors, selected creditors to whom such applications would be made and did so in this case.

36.    Ms. Flowers was an applicant.

37.    An adverse action was taken against Ms. Flowers and she did not receive a written statement of reasons from Toyota Scion as to why adverse action was taken.

38.    15 U.S.C. §1691(e) provides:

(a) Individual or class action for actual damages.  Any creditor who fails to comply with any requirement imposed under this title shall be liable to the aggrieved applicant for any actual damages sustained by such applicant acting either in an individual capacity or as a member of a class.

(b) Recovery of punitive damages in individual and class action for actual damages; exemptions; maximum amount of punitive damages in individual actions; limitation on total recovery in class actions; factors determining amount of award.  Any creditor, other than a government or governmental subdivision or agency, who fails to comply with any requirement imposed under this title shall be liable to the aggrieved applicant for punitive damages in an amount not greater than $ 10,000, in addition to any actual damages provided in subsection (a), except that in the case of a class action the total recovery under this subsection shall not exceed the lesser of $500,000 or 1 per centum of the net worth of the creditor. In determining the amount of such damages in any action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional.

(c) Action for equitable and declaratory relief.  Upon application by an

aggrieved applicant, the appropriate United States district court or any other court of competent jurisdiction may grant such equitable and declaratory relief as is necessary to enforce the requirements imposed under this title.

(d) Recovery of costs and attorney fees. In the case of any successful action under subsection (a), (b), or (c), the costs of the action, together with a reasonable attorney's fee as determined by the court, shall be added to any damages awarded by the court under such subsection. . . .

(f) Jurisdiction of courts; time for maintenance of action; exceptions. Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall be brought later than two years from the date of the occurrence of the violation . . . .

WHEREFORE, Plaintiff requests the Court enter judgment in her favor and against defendant Toyota Scion for:

      a. Appropriate damages;

      b. Injunctive relief;

      c. Attorney's fees, litigation expenses and costs; and

      d. Such other and further relief as the Court deems appropriate.

## COUNT III-- NEGLIGENCE-TOYOTA SCION

39. Plaintiff incorporates ¶¶1-38.

40. Defendant had a duty to provide plaintiff with written reasons why it took adverse action with respect to her loan application, namely that it did not submit the correct application to Drive Financial or provide an ECOA letter.

41. Defendant breached this duty and as a direct result plaintiff suffered damages.

42. In addition, Toyota Scion acted in a wilful and wanton manner by:

(A) Purposefully and deliberately Forging plaintiff's income statements.

(B) Concealing the Forgery from plaintiff.

43. Toyota Scion wilfully and wantonly engaged in the above acts for its

6

own financial gain at the expense of plaintiff.

44. As a result, plaintiff was damaged as set out above.

WHEREFORE, Plaintiff requests the Court enter judgment in her favor and against defendant Toyota Scion for:

    a. Appropriate compensatory and punitive damages;

    b. Such other and further relief as the Court deems appropriate.

    (C) Such other or further relief as the Court deems appropriate.

### COUNT IV – ILLINOIS CONSUMER FRAUD ACT-TOYOTA SCION

45. Plaintiff incorporates ¶¶ 1-33.

46. Section 2C of the Illinois Consumer Fraud Act, 815 ILCS 505/2, requires a dealership to return to the consumer all items paid towards a vehicle, including a return of the down payment or trade in, on rejection of a credit application.

47. It was not until plaintiff retained an attorney that Toyota Scion offered to return her full down payment, but at that time plaintiff had incurred legal expenses.

WHEREFORE, plaintiff requests the following relief in favor of plaintiff and against defendant:

    A. Actual damages and;

    B. Punitive damages in an amount to deter Toyota Scion Chevrolet, Inc. from forging loan documents in the future;

    C. Attorney's fees, litigation expenses and costs of suit;

    D. Such other or further relief as the Court deems just and proper.

                                      Respectfully Submitted,
                                      Sabrina Flowers, Plaintiff

                               By:<u>/s/Keith J. Keogh</u>
                                      Her Attorney

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, Il 60606
312.726.1092
312.726.1093 (fax)
Keith@KeoghLaw.com

**JURY DEMAND**

Plaintiff demands trial by jury.

<u>/s/Keith J. Keogh</u>

**CERTIFICATE OF SERVICE**

      I, Keith J. Keogh, hereby certify that on April 7, 2008, I served the foregoing to counsel of record via the ECF system for the Northern District of Illinois:

/s/Keith J. Keogh