BPS/JFV:mg                                                                                        20-257-3-148

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SABRINA FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Court No.: 08 C 449 |
| | ) |
| SOUTH WESTERN MOTOR SALES, INC., | ) |
| d/b/a TOYOTA SCION ON WESTERN AND | ) |
| SANTANDER CONSUMER USA, INC. | ) |
| d/b/a DRIVE FINANCIAL SERVICES | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT SOUTH WESTERN MOTOR SALES, INC.'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S AMENDED COMPLAINT

Defendant, SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA ON WESTERN and d/b/a SCION ON WESTERN, improperly sued as SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA SCION ON WESTERN, by and through its attorneys, CREMER, KOPON, SHAUGHNESSY & SPINA, LLC, Brian P. Shaughnessy, and Jaya F. Venkataramani, and for its *Memorandum in Support of its Motion to Dismiss Count III of Plaintiff's Amended Complaint*, states as follows:

### FACTS

1.  That on January 21, 2008, Plaintiff, Sabrina Flowers, brought an action in the United States District Court for the Northern District of Illinois.

2.  That on April 7, 2008, the Plaintiff filed a four-count Amended Complaint against Defendant, South Western Motor Sales, Inc., d/b/a Toyota Scion on Western, alleging violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2 et seq., the Equal Credit

1

Opportunity Act, 15 U.S.C. §1691 et seq., and alleging negligence arising out of a transaction involving the purchase of a used 2005 Mitsubishi Galant. A copy of Plaintiff's Amended Complaint is attached hereto and made a part hereof as *Exhibit A*.

3.  That Count III of Plaintiff's Amended Complaint alleges that Defendant, South Western Motor Sales, Inc. had a duty to provide plaintiff with written reasons why it took adverse action with respect to her loan application, namely that it did not submit the correct application to Drive Financial or provide an ECOA letter. *See Exhibit A*.

4.  That Count III of Plaintiff's Amended Complaint also incorporates by reference Count II of Plaintiff's Amended Complaint. *See Exhibit A*.

5.  That Count II of Plaintiff's Amended Complaint alleges that Defendant, South Western Motor Sales, Inc. is a "creditor" as defined by the Equal Credit Opportunity Act, 15 U.S.C. §1691(a)(e) because it "regularly referred applicants to creditors, selected creditors to whom such applications would be made and did so in this case". *See Exhibit A*.

## **STANDARD OF REVIEW**

In considering a Rule 12(b)(6) motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim for which relief may be granted. *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115 (7th Cir. 1995). A motion to dismiss under 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.2d 1074, 1080 (7th Cir. 1997). The court must accept as true all

of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences. *Id.* The court must determine "whether relief is possible under any set of facts that could be established consistent with the allegation." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Dismissal is proper if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to the relief requested. *Conley*, 355 U.S. at 45-46; *Kennedy v. National Juvenile Detention Association*, 187 F.3d 690, 695 (7th Cir. 1999).

## ARGUMENT

Count III of Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted, and accordingly should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Count III alleges that Defendant, South Western Motor Sales, Inc. had a duty to provide plaintiff with written reasons why it took adverse action with respect to her loan application, namely that it did not submit the correct application to Drive Financial or provide an ECOA letter. *See Exhibit A.* Count III also incorporates by reference Count II, wherein Count II alleges that Defendant, South Western Motor Sales, Inc. is a "creditor" as defined by the Equal Credit Opportunity Act, 15 U.S.C. §1691(a)(e) because it "regularly *referred* applicants to creditors, *selected* creditors to whom such applications would be made and did so in this case" (emphasis added). *See Exhibit A.*

However, the Equal Credit Opportunity Act, 15 U.S.C. §1691(a)(e) "Definitions," defines the term "creditor" as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." This definition of creditor is further defined in the Code of Federal Regulations, 12 C.F.R

3

§202.2(a)(12), promulgated pursuant to the Equal Credit Opportunity Act, defining a creditor as "a person who, in the ordinary course of business, regularly participates in the decision of whether or not to extend credit. The term includes a creditor's assignee, transferee, or subrogee who so participates."

In this case, the Equal Credit Opportunity Act does not apply to Defendant South Western Motor Sales, Inc., because this Defendant did not extend or renew credit or arrange for the extension or renewal or continuation of credit to the Plaintiff. Therefore, in this case, Plaintiff fails to establish a claim upon which relief can be granted under the Equal Credit Opportunity Act. Therefore, because Count III alleges that Defendant, South Western Motor Sales, Inc. had a duty to provide a letter to the Plaintiff under the ECOA, and that Count III of Plaintiff's Amended Complaint incorporates by reference Count II, alleging violations of the Equal Credit Opportunity Act, it should be dismissed. Accordingly, this Court should grant Defendant, South Western Motor Sales, Inc.'s Motion to Dismiss Count III of Plaintiff's Amended Complaint.

## CONCLUSION

Count III of Plaintiff's Amended Complaint fails to comply with the pleading requirements of the Equal Credit Opportunity Act. Therefore, this Honorable Court should grant Defendant, SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA ON WESTERN and d/b/a SCION ON WESTERN, improperly sued as SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA SCION ON WESTERN's Motion to Dismiss Count III of Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

/s/ Brian P. Shaughnessy
One of the Attorneys for
South Western Motor Sales, Inc.

Brian P. Shaughnessy
Jaya F. Venkataramani
CREMER, KOPON, SHAUGHNESSY & SPINA, LLC
Attorneys for Defendant, South Western Motor Sales, Inc.
180 North LaSalle Street, Suite 3300
Chicago, IL 60601
Tel:  (312) 726-3800
Fax:  (312) 726-3818
ARDC No.: 3125181
bshaughnessy@cksslaw.com

191369