BPS/JFV:mg                                                                                           20-257-3-148

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SABRINA FLOWERS, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Court No.: 08 C 449 ) |
| SOUTH WESTERN MOTOR SALES, INC., d/b/a TOYOTA SCION ON WESTERN AND SANTANDER CONSUMER USA, INC. d/b/a DRIVE FINANCIAL SERVICES | ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM IN SUPPORT OF DEFENDANT SOUTH WESTERN MOTOR SALES, INC.'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT

Defendant, SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA ON WESTERN and d/b/a SCION ON WESTERN, improperly sued as SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA SCION ON WESTERN, by and through its attorneys, CREMER, KOPON, SHAUGHNESSY & SPINA LLC, Brian P. Shaughnessy, and Jaya F. Venkataramani, and for its *Memorandum in Support of its Motion to Dismiss Count IV of Plaintiff's Amended Complaint*, states as follows:

#### FACTS

1. That on January 21, 2008, Plaintiff, Sabrina Flowers, brought an action in the United States District Court for the Northern District of Illinois.

2. The on April 7, 2008, Plaintiff filed a four-count Amended Complaint against Defendant, South Western Motor Sales, Inc., d/b/a Toyota Scion on Western, alleging violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2 et seq., the Equal Credit Opportunity

1

Act, 15 U.S.C. §1691 et seq., and alleging negligence arising out of a transaction involving the purchase of a used 2005 Mitsubishi Galant. A copy of Plaintiff's Amended Complaint is attached hereto and made a part hereof as *Exhibit A*.

3. That Count IV of Plaintiff's Amended Complaint alleges violations of Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, specifically Section 2C. *Exhibit A*.

4. That Count I of Plaintiff's Amended Complaint also alleges violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2 in that it engaged in unfair and deceptive acts and practices.

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim for which relief may be granted. *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences. *Id.* The court must determine "whether relief is possible under any set of facts that could be established consistent with the allegation." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss under 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.2d 1074, 1080 (7th Cir. 1997). Dismissal is proper if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim that

would entitle her to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. National Juvenile Detention Association*, 187 F.3d 690, 695 (7th Cir. 1999).

## ARGUMENT

Count IV of Plaintiff's Amended Complaint is duplicative of Count I, and as such, should be dismissed. Both Counts I and IV allege violations of the Illinois Consumer Fraud Act and have resulting damages. This court has held that two claims are duplicative if they contain the same factual allegations and the same injury, *Shaffer v. Respect, Inc.*, 1999 WL 281345, at 3 (N.D. Ill.), and a duplicative count may be properly dismissed. *Nagy v. Beckley*, 218 Ill.App.3d 875, 879, 578 N.E.2d 1134 (1st Dist. 1991). *See also Dahlin v. Jenner & Block, LLC*, 2001 WL 855419 (N.D. Ill.). In this case, as both Counts I and IV are duplicative in that both relate to the same injury under the Illinois Consumer Fraud Act, the resolution of one cause of action will be dispositive of the second. Accordingly, the Court should dismiss Count IV as a duplicative claim, and by doing so it will avoid duplicative litigation, piecemeal litigation, and promote judicial economy, the reduction of costs, and increased convenience.

## CONCLUSION

Count IV of Plaintiff's Amended Complaint is duplicative of the allegations in Count I of Plaintiff's Complaint in that they both allege violations of the Illinois Consumer Fraud Act. Therefore, this Honorable Court should grant Defendant, SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA ON WESTERN and d/b/a SCION ON WESTERN, improperly sued as SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA SCION ON WESTERN's Motion to Dismiss Count IV of Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

/s/ Brian P. Shaughnessy
One of the Attorneys for
South Western Motor Sales, Inc.

Brian P. Shaughnessy
Jaya F. Venkataramani
CREMER, KOPON, SHAUGHNESSY & SPINA, LLC
Attorneys for Defendant, South Western Motor Sales, Inc.
180 North LaSalle Street, Suite 3300
Chicago, IL 60601
Tel: (312) 726-3800
Fax: (312) 726-3818
ARDC No.: 3125181
bshaughnessy@cksslaw.com

191360