BPS/JFV:lr                                                                                          20-257-3-148

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SABRINA FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Court No.: 08 C 449 |
| | ) |
| SOUTH WESTERN MOTORS SALES, INC., | ) |
| d/b/a TOYOTA SCION ON WESTERN AND | ) |
| SANTANDER CONSUMER USA, INC. | ) |
| d/b/a DRIVE FINANCIAL SERVICES | ) |
| | ) |
| Defendant, | ) |

### ANSWER TO COUNT I OF PLAINTIFF'S AMENDED COMPLAINT

NOW COMES the Defendant, SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA ON WESTERN and d/b/a SCION ON WESTERN, improperly sued as SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA SCION ON WESTERN, by and through its attorneys, Cremer, Kopon, Shaughnessy & Spina, LLC, Brian P. Shaughnessy, and Jaya F. Venkataramani, and for its Answer to Count I of Plaintiff's Amended Complaint, states as follows:

### INTRODUCTION

1. Plaintiff, Sabrina Flowers, brings this action to secure redress against defendants South Western Motor Sales, Inc. d/b/a Toyota Scion on Western ("Toyota Scion") for forging finance documents in an automobile loan transaction in violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), (Count I), failure to send an adverse action letter in violation of the Equal Credit Opportunity Act (ECOA) (Count II), Negligence (Count III) and for defendant's

initial refusal to return the entire down payment, violation of the ICFA 815 ILCS 505/2C (Count IV).

**ANSWER:** This Defendant states that the Amended Complaint and the court file speak for themselves. Further, this Defendant denies the remaining allegations in paragraph 1 of INTRODUCTION.

## PARTIES

2. Plaintiff, Sabrina Flowers is an individual who reside in the Northern District of Illinois.

**ANSWER:** This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of PARTIES.

3. Defendant South Western Motor Sales, Inc. d/b/a Toyota Scion on Western is an Illinois corporation that is in the business of selling automobiles. Its registered agent is located at 6941 S. Western Ave., Chicago, Illinois.

**ANSWER:** This Defendant admits the allegations in paragraph 3 of PARTIES.

4. Former defendant Santander Consumer USA Inc. d/b/a Drive Financial Services is an Illinois corporation that is in the business of financing automobiles. Its registered agent is CT Corporation at 208 S. LaSalle, Ste. 814, Chicago, Illinois.

**ANSWER:** This Defendant makes no answer to the allegations in paragraph 4 of PARTIES as same are directed against others.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question) and 15 U.S.C. § 1691 (ECOA). Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because plaintiff resides in this District and the transaction took place in this District.

**ANSWER:** This defendant admits the existence of 28 U.S.C. § 1331, 15 U.S.C. § 1691 and 28 U.S.C. § 1391 (b), but denies their applicability to this case.

## FACTS RELATING TO PLAINTIFF

2

6. On May 28, 2007, Ms. Flowers executed a retail installment contract for a used 2005 Mitsubishi Galant.

**ANSWER: This Defendant admits the allegations in paragraph 6 of FACTS RELATING TO PLAINTIFF.**

7. Aaron Avant who identified himself as the finance manager of Toyota Scion informed Ms. Flowers that defendant would be able to obtain financing for her.

**ANSWER: This Defendant denies the allegations in paragraph 7 of FACTS RELATING TO PLAINTIFF.**

8. The executed retail installment contract provided that Drive Financial Services would provide financing for the 2005 Mitsubishi Galant.

**ANSWER: This Defendant denies the allegations in paragraph 8 of FACTS RELATING TO PLAINTIFF.**

9. As part of the financing application, Ms. Flowers provided Mr. Avant with her paycheck stub.

**ANSWER: This Defendant admits the allegations in paragraph 9 of FACTS RELATING TO PLAINTIFF.**

10. Drive Financial subsequently contacted Ms. Flowers' employer requesting verification of her income.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of FACTS RELATING TO PLAINTIFF.**

11. Subsequently on July 12, 2007, plaintiff was called into the Human Resources Department of her employer.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of FACTS RELATING TO PLAINTIFF.**

12. Ms. Flowers' employer received documentation from Drive Financial showing a forged pay stub showing an exaggerated income of $64,000.00.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of FACTS RELATING TO PLAINTIFF.**

13. Ms. Flowers advised her employer that she submitted to the Dealer a copy of the same pay stub provided to her and that she had not forged that document.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of FACTS RELATING TO PLAINTIFF.**

14. Ms. Flowers was then placed on unpaid administrative leave and received written notice of her predisciplinary meeting, which stated in part that she violated the Code of Conduct and that "Honesty and Integrity required to work with people with disabilities. Falsifying documentation is unacceptable and will not be tolerated."

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of FACTS RELATING TO PLAINTIFF.**

15. On July 16, 2007, Ms. Flowers contacted Drive Financial and informed it that her pay stub was altered by the dealership.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of FACTS RELATING TO PLAINTIFF.**

16. Also on July 16, 2007, plaintiff filed a police report as to the forged pay stub.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of FACTS RELATING TO PLAINTIFF.**

17. Drive Financial subsequently cancelled the automobile financing, but failed to send an ECOA notice as to the cancelled financing.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of FACTS RELATING TO PLAINTIFF.**

18. The exact identity of the person at defendant who forged the documents is in the exclusive control of defendant. On information and belief, plaintiff believes that Aaron Avant forged the

finance documents as he was given exclusive control of plaintiff's documents and he promised that he would obtain financing with Drive Financial.

**ANSWER: This Defendant denies the allegations in paragraph 18 of FACTS RELATING TO PLAINTIFF.**

19. Subsequently, Michelle Wysogleel From Toyota Scion contacted plaintiff to sign new documents to resolve the situation.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of FACTS RELATING TO PLAINTIFF.**

20. Upon arriving at the dealership, Michelle Wysogeel insisted that plaintiff sign a new contract and would not let her leave with the vehicle until she did.

**ANSWER: This Defendant denies the allegations in paragraph 20 of FACTS RELATING TO PLAINTIFF.**

21. Ms. Flowers then attempted to return her vehicle to the dealership, but Toyota Scion would not return her entire down payment as required by the Consumer Fraud Act.

**ANSWER: This Defendant denies the allegations in paragraph 21 of FACTS RELATING TO PLAINTIFF.**

22. Plaintiff called the police who instructed the dealership give plaintiff the car back so she could return home.

**ANSWER: This Defendant denies the allegations in paragraph 22 of FACTS RELATING TO PLAINTIFF.**

23. Subsequently, the dealership agreed to take back the vehicle, but it then attempted to deduct $350 from the down payment since it asserted that plaintiff left with the vehicle and it had to pay for insurance.

**ANSWER: This Defendant denies the allegations in paragraph 23 of FACTS RELATING TO PLAINTIFF.**

24. Ms. Flowers then retained counsel, but defendant still refused to refund the entire down payment as memorialized by the letter from Ms. Wysogleel.

5

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to whether Ms. Flowers retained counsel as alleged in paragraph 24 of FACTS RELATING TO PLAINTIFF. Further, this Defendant denies that the letter referenced in paragraph 24 of FACTS RELATING TO PLAINTIFF is attached to the Amended Complaint, and therefore this Defendant denies the remaining allegations of paragraph 24 of FACTS RELATING TO PLAINTIFF.**

25. Eventually, defendant agreed to return the entire down payment.

**ANSWER: This Defendant admits that it tendered a check to Plaintiff in the amount of $1100.00. Further, this Defendant denies the remaining allegations in paragraph 25 of FACTS RELATING TO PLAINTIFF.**

26. As a result of the forgery by the dealership, plaintiff was under the suspicion of forgery, her reputation was damaged, she was put on administrative leave from work, she suffered extreme emotional distress and fear that she would lose her job.

**ANSWER: This Defendant denies the allegations in paragraph 26 of FACTS RELATING TO PLAINTIFF.**

27. The actions complained of herein are the acts of employees of defendant within the scope of their employment at Toyota Scion. As such, Toyota Scion is liable for the actions of its employees and managers.

**ANSWER: This Defendant denies the allegations in paragraph 27 of FACTS RELATING TO PLAINTIFF.**

## COUNT I—ILLINOIS CONSUMER FRAUD ACT—TOYOTA SCION

28. Plaintiff incorporates ¶¶ 1-27.

**ANSWER: This Defendant adopts, repeats and realleges its answers to paragraphs 1-27 as its answer to paragraph 28 as though fully set forth herein.**

29. Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, states:

> Unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others reply upon the concealment, suppression or omission or such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are

herby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations or the Federal Trade Commission and the federal courts relating to Section 5(a) or the Federal Trade Commission Act.

**ANSWER: This Defendant admits the existence of Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, but denies its applicability to this matter.**

30. Defendant engaged in unfair and deceptive acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by forging Ms. Flowers' income verification document stating her income was substantially more than the income stated on the original pay stub.

**ANSWER: This Defendant denies the allegations in paragraph 30 of COUNT I.**

31. Toyota Scion intended that Ms. Flowers rely on its actions and purposely concealed these actions from plaintiff.

**ANSWER: This Defendant denies the allegations in paragraph 31 of COUNT I.**

32. Defendant engaged in such conduct in the course of trade and commerce.

**ANSWER: This Defendant denies the allegations in paragraph 32 of COUNT I.**

33. As a result of the forgery, plaintiff was under the suspicion of forgery, her reputation was damaged, she was put on administrative leave from work, suffered extreme emotional distress and fear that she would lose her job.

**ANSWER: This Defendant denies the allegations in paragraph 33 of COUNT I.**

WHEREFORE, Defendant, SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA ON WESTERN and d/b/a SCION ON WESTERN, improperly sued as SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA SCION ON WESTERN denies that the Plaintiff is entitled to judgment against it in any amount whatsoever.

Respectfully Submitted,

                        /s/ Brian P. Shaughnessy
                        One of the Attorneys for
                        South Western Motor Sales, Inc.

Brian P. Shaughnessy
Jaya F. Venkataramani
CREMER, KOPON, SHAUGHNESSY & SPINA, LLC
Attorneys for Defendant, South Western Motor Sales, Inc.
180 North LaSalle Street, Suite 3300
Chicago, IL 60601
Tel: (312) 726-3800
Fax: (312) 726-3818
ARDC No.: 3125181
bshaughnessy@cksslaw.com

191383