BPS/JFV:mg

20-257-3-148

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SABRINA FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Court No.: 08 C 449 |
| | ) |
| SOUTH WESTERN MOTOR SALES, INC., | ) |
| d/b/a TOYOTA SCION ON WESTERN AND | ) |
| SANTANDER CONSUMER USA, INC. | ) |
| d/b/a DRIVE FINANCIAL SERVICES | ) |
| | ) |
| Defendant, | ) |

### DEFENDANT, SOUTH WESTERN MOTOR SALES, INC.'S REPLY IN SUPPORT OF ITS MOTIONS TO DISMISS COUNTS II, III AND IV OF PLAINTIFF'S AMENDED COMPLAINT

NOW COMES the Defendant, SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA ON WESTERN and d/b/a SCION ON WESTERN, improperly sued as SOUTH WESTERN MOTOR SALES, INC. d/b/a Toyota Scion on Western, by and through its attorneys, CREMER, KOPON, SHAUGHNESSY & SPINA, LLC, Brian P. Shaughnessy, and Jaya F. Venkataramani, and for its Reply in support of its Motions to Dismiss Counts II, III and IV of Plaintiff's Amended Complaint states as follows:

### I.　Defendant South Western Motor Sales, Inc. is not a Creditor Under the Equal Credit Opportunity Act.

Defendant, South Western Motor Sales, Inc. is not a creditor under the Equal Credit Opportunity Act, and accordingly Count II of Plaintiff's Amended Complaint should be dismissed. As Count III of Plaintiff's Amended Complaint also presupposes that Defendant is a creditor under the Equal Credit Opportunity Act, by alleging that Defendant breached its duty by

1

failing to provide a letter with written reasons why it took "adverse action" with respect to her loan application, it should also be dismissed. Plaintiff cites in her Response to *Treadway v. Gateway*, 362 F.3d 971, 975 (7th Cir. 2004), a case decided on a Motion for Summary Judgment, for the proposition that car dealers are considered creditors under the Equal Credit Opportunity Act. Plaintiff has not pled any facts that bring this case under the holding in *Treadway*. In *Treadway*, the dealer made the <u>unilateral</u> decision as to whether to deny credit by choosing to not submit a prospective car buyer's application to any lender. In fact, after reviewing the plaintiff's credit report, the dealer "decided that it would be futile to send her application to any lender." 362 F. 3d at 973. Therefore, in *Treadway*, the car dealership stepped into the shoes of a creditor and looked at the plaintiff's credit report and made a decision as to whether or not she would be able to get financing for the vehicle. As a result of this unilateral decision, the car dealership was required to provide notice to the plaintiff of the "adverse action" regarding her application, and the reasons for the adverse action.

Further, under the Equal Credit Opportunity Act, the Federal Reserve Board was delegated the power to implement regulations in furtherance of carrying out the ECOA's purpose, and has clearly indicated that merely selecting creditors to whom credit applications will be made does not make one a creditor for purposes of the notice requirement of the ECOA. *See generally Nevarez v. O'Connor Chevrolet, Inc.*, 303 F.Supp.2d 927 (N.D.Ill).

In this case, Plaintiff does not allege that Defendant made any unilateral decisions regarding Ms. Flowers's application. In fact, there are no allegations in Plaintiff's Amended Complaint that Defendant made any decisions regarding Ms. Flowers's application. Therefore, it is not a creditor under the Equal Credit Opportunity Act, and accordingly Plaintiff's Amended Complaint should be dismissed.

Case 1:08-cv-00449  Document 48  Filed 06/17/2008  Page 3 of 6

Plaintiff also cites to the unpublished District Court opinion in *Stegvilas v. Evergreen Motors, Inc.*, 2007 U.S. Dist. LEXIS 35303 (N.D. Ill); 2007 WL 1438372 (N.D. Ill). Unlike the present case, the plaintiff in *Stegvilas* was waiting on a credit decision by the defendant dealer. Specifically, the plaintiff delivered her old Ford Tempo vehicle to defendant "contingent upon defendant finding financing for the purchase of the automobile." 2007 U.S. Dist. WL 1438372 at *1. Additionally, the plaintiff returned the new Kia Optima vehicle prior to "receiving an answer regarding her application for financing." *Id.*

These are not the facts alleged in Plaintiff's Amended Complaint. Plaintiff does not allege that her deal with Defendant was contingent upon any financing decisions by the Defendant. In fact, on the face of her Amended Complaint she alleges that Drive Financial was to provide financing for the vehicle, and not Defendant South Western Motor Sales, Inc. *See* Amended Complaint at ¶ 8. Although at some point along the continuum of participation in a credit decision, a party may become a creditor for purposes of the ECOA notification requirement, the Plaintiff in this case has failed to allege any facts in her Amended Complaint that make Defendant any more than a mere participant in this deal.

Moreover, the "facts" in Plaintiff's Response upon which Plaintiff relies in support of the proposition that Defendant is her creditor are not based on the pleadings. Nowhere is it alleged in Plaintiff's Amended Complaint, and nor can it be inferred from the allegations, that Defendant "chose the terms of the financing", "filled out the financing contract", "set the terms of the deal", "negotiated the payment terms", "took proceeds from the interest rate", "did an initial assessment of plaintiff's credit application" or even reviewed Plaintiff's application. *See* Plaintiff's Response, at 6. Additionally, nowhere in the pleadings is there any allegation or inference that these are activities that Defendant does for every "spot delivery" deal, that this was in fact a

3

"spot delivery", or that "it does a voluminous such deals just like plaintiff's". *See* Plaintiff's Response, at 6. Therefore, Plaintiff has no actual support from her Amended Complaint to support her position that Defendant was a creditor. In fact, she alleges nothing regarding what actions Defendant took with respect to her application from the time she provided Defendant with her paycheck stub to when Drive Financial allegedly contacted her employer to verify her income.

There are no allegations in Plaintiff's Amended Complaint that Defendant can be a creditor under the ECOA. Accordingly, Count II of Plaintiff's Amended Complaint should be dismissed. Additionally, as Count III relies on the incorrect assumption that Defendant is a creditor under the ECOA, it should also be properly dismissed.

## II.    Counts I and IV of Plaintiff's Amended Complaint are Duplicative, and accordingly Count IV of Plaintiff's Amended Complaint Should be Dismissed.

Plaintiff attempts to argue in her Response that Counts I and IV are distinct, alleging different facts and a violation of different sections of the Illinois Consumer Fraud Act. However, both counts allege fraud under the same Consumer Fraud Act. In *Dahlin v. Jenner & Block, LLC*, this Court held that when the same operative facts support different actions, resulting in the same injury to the client, the actions are identical and the latter count should be dismissed as duplicative. 2001 WL 855419 (N.D. Ill.) at *9. In *Dahlin*, the plaintiff was alleging both legal malpractice and breach of fiduciary duty and the court properly dismissed the fiduciary duty count. In this case, both Counts I and IV allege a violation of Section 2 of the Illinois Consumer Fraud Act and arise out of the same transaction with Defendant, and allege the same injuries to Plaintiff. Therefore, the latter count, Count IV, should be dismissed as duplicative of Count I.

## III.   Plaintiff's Amended Complaint, Alleging Fraud, is Subject to Heightened Pleading under Fed. R. Civ. P. 9(b).

4

Plaintiff's Amended Complaint alleges fraud against Defendant, under the Illinois Consumer Fraud Act and the Equal Credit Opportunity Act. Plaintiff argues in her Response that these allegations are only subject to Fed. R. Civ. P. 8(a)(2), requiring nothing more than a short and plain statement. However, pleadings alleging fraud require more than just a short and plain statement, and are instead subject to a "heightened" standard, under Fed. R. Civ. P. 9(b). The purposes of the particularity requirement for allegations of fraud under Rule 9(b) is: (1) to protect a defendant's reputation from harm; (2) to minimize "strike suits" and "fishing expeditions"; and (3) to provide notice of the claim to the adverse party. *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (citing *Uni\*Quality, Inc.*, 974 F.2d at 924). Additionally, this Court in *Stegvilas*, cited by the plaintiff in her Response, also reaffirmed that Plaintiff is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). 2007 WL 1438372 at *4. Accordingly, as Plaintiff's Amended Complaint alleges fraud, it is subject to the heightened pleading standard that is required under Rule 9(b), and therefore must include more specific allegations regarding Defendant's alleged actions that bring it under the purview of the Equal Credit Opportunity Act. Therefore, because Plaintiff's Amended Complaint does not reach this heightened standard, it should be dismissed.

WHEREFORE, Defendant, SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA ON WESTERN and d/b/a SCION ON WESTERN, improperly sued as SOUTH WESTERN MOTOR SALES, INC. d/b/a TOYOTA SCION ON WESTERN, respectfully requests this Honorable Court to dismiss Counts II, III and IV of Plaintiff's Amended Complaint and any other relief this Honorable Court deems just.

Respectfully Submitted,

                                        /s/ Brian P. Shaughnessy
                                        One of the Attorneys for
                                        South Western Motor Sales, Inc.

Brian P. Shaughnessy
Jaya F. Venkataramani
CREMER, KOPON, SHAUGHNESSY & SPINA, LLC
Attorneys for Defendant, South Western Motor Sales, Inc.
180 North LaSalle Street
Suite 3300
Chicago, IL 60601
Tel: (312) 726-3800
Fax: (312) 726-3818
ARDC No.: 3125181
bshaughnessy@cksslaw.com

194358