UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SABRINA FLOWERS, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 449 |
| ) | |
| v. ) | Judge George M. Marovich |
| ) | |
| SOUTH WESTERN MOTOR SALES, INC. ) | |
| d/b/a TOYOTA SCION ON WESTERN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sabrina Flowers ("Flowers") filed against defendant South Western Motor Sales, Inc. d/b/a Toyota Scion on Western ("South Western" or "South Western Motors") a four-count amended complaint. Defendant has filed three separate motions to dismiss–one for each of the three counts it seeks to dismiss. For the reasons set forth below, the Court grants one of defendant's motions to dismiss and denies as moot the two remaining motions.

**I.   Background**

For purposes of a motion to dismiss, the Court takes as true the allegations in plaintiff's complaint.

This case arises out of plaintiff Flowers's attempt to purchase a car from South Western Motors. When Flowers found a used car she liked, South Western's finance manager, Aaron Avant ("Avant") told Flowers that South Western could help her obtain financing for the car. Flowers signed a retail installment contract (which stated that Drive Financial Services ("Drive Financial") would provide the financing) and gave Avant a copy of a recent pay stub from her job. Flowers drove off in her newly-acquired car, and South Western Motors submitted

Flowers's credit application to Drive Financial. Drive Financial contacted Flowers's employer to verify her salary.

Several weeks later, Flowers received an unwelcome surprise at work. Flowers was called into human resources and told she was being put on administrative leave for suspicion of having violated her employer's code of conduct. Her employer, in essence, accused her of having falsified her pay stub in an effort to obtain the car loan.

Flowers called Drive Financial. Drive informed Flowers that the pay stub was altered by the dealership, and plaintiff believes Avant altered it to make Flowers's income appear to be higher than it was. Ultimately, Drive Financial canceled the automobile financing.

A South Western employee, Michelle Wysogleel ("Wysogleel") called Flowers and asked her to return to South Western Motors to sign new financing papers. When Flowers arrived, Wysogleel told Flowers she could not leave with the car until she signed new papers. Flowers, instead, asked to return the car for a refund. South Western would not return to Flowers her entire deposit, so Flowers called the police. The police sent Flowers home with the car. Later, Flowers returned the car to South Western Motors, which returned all but $350 of Flowers's deposit.

Flowers filed against South Western Motors claims under the Illinois Consumer Fraud Act, the federal Equal Credit Opportunity Act and the Illinois Consumer Fraud Act. Plaintiff's final claim is for negligence. South Western Motors filed three separate motions to dismiss three of plaintiff's four counts.

**II.   Standard on a motion to dismiss**

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual

allegations and draws all reasonable inferences in the plaintiffs' favor. *McCullah v. Gadert*, 344
F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of
Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the
grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007)
(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed
factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause
of action" will not suffice. *Twombley*, 127 S.Ct. at 1964-1965. A complaint must include
enough factual allegations to "raise a right to relief above a speculative level." *Twombley*, 127
S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing*
possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by
providing allegations that raise a right to relief above the speculative level.'" *Tamayo v.
Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity
Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

**III.** **Discussion**

    **A.** **Plaintiff's claim under the Equal Credit Opportunity Act**

In Count II, Flowers asserts that defendant violated the Equal Credit Opportunity Act
("ECOA") by failing to provide Flowers a written statement of reasons for an adverse credit
action. Flowers asserts that defendant is a creditor "because it regularly referred applicants to
creditors, selected creditors to whom such applications would be made and did so in this case."
Defendant moves to dismiss Count II on the grounds that defendant is not a creditor under the
ECOA.

The Equal Credit Opportunity Act prohibits discrimination in credit transactions and
requires creditors to provide written notice of specific reasons for an adverse action against a

consumer.  *See Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 978 (7th Cir. 2004).  The ECOA defines a creditor as "any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit."  *See* 15 U.S.C. § 1691a(e).  The Code of Federal Regulations further defines creditor as:

> a person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of the credit.  The term creditor includes a creditor's assignee, transferee, or subrogee who so participates.  *For purposes of § 202.4(a) and (b), the term creditor also includes a person who*, in the ordinary course of business, regularly *refers* applicants or prospective applicants to creditors, or selects or offers to select creditors to whom requests for credit may be made.

12 C.F.R. § 202.2(l) (emphasis added).  Section 202.4(a) is the section that prohibits discrimination, and § 202.4(b) prohibits creditors from making statements that would discourage a credit applicant.  *See* 12 C.F.R. § 202.4(a) & (b).  The Seventh Circuit has interpreted these regulations and the ECOA to mean that an auto dealer who merely refers an applicant to a creditor may be held liable only for discrimination under § 202.4(a) or discouragement under § 202.4(b).  *Treadway*, 362 F.3d 971.  In *Treadway*, the Seventh Circuit explained:

> where the only role a person plays is accepting and referring applications for credit, or selecting creditors to whom applications will be made, the person meets the definition of creditor, but only for purposes of the prohibitions against discrimination and discouragement.  For example, an automobile dealer may merely accept and refer applications for credit, or it may accept applications, perform underwriting, and make a decision whether to extend credit.  Where the automobile dealer only accepts applications for credit and refers those applications to *another* creditor who makes the credit decision–for example, where the dealer does not participate in setting the terms of the credit or making the credit decision–the dealer is subject only to §§ 202.4(a) and (b) . . .

*Treadway*, 362 F.3d at 979-980 (emphasis in original).

In this case, Flowers specifically alleges that defendant is a creditor because it referred applicants to creditors and selected the creditors to whom the applications would be sent. Based on that allegation, defendant could be liable *only* for discrimination or discouragement. *Treadway*, 362 F.3d at 979-980. Plaintiff, however, has alleged neither. Instead, plaintiff alleges that defendant failed to provide notice, which is not required of creditors of the type plaintiff alleges defendant to be.

The question remains whether plaintiff has adequately alleged South Western Motors to be a creditor for purposes of the notice requirement, which requires a showing that one "regularly participates in a credit decision, including setting the terms of the credit." *See* 12 C.F.R. § 202.2(l). In *Treadway*, for example, the Seventh Circuit concluded that an automobile dealership was a creditor for purposes of the notice requirements because it regularly (1) decided not to send a credit application to any creditor on the basis that it determined the applicant was not credit-worthy; (2) structured the terms of the sale to make it more likely that a lender would approve a sale; and (3) set the annual percentage rate on loans. *Treadway*, 362 F.3d at 980. Here, plaintiff has not made any allegations that suggest that defendant regularly participates in the decisions to make loans. After *Twombley*, "it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Plaintiff has not included any allegations that suggest defendant is a creditor for purposes of the notice requirement. Rather, she has limited her complaint to alleging that defendant is a creditor for purposes of the discrimination and discouragement sections of the ECOA.

For these reasons, the Court grants defendant's motion to dismiss Count II and dismisses without prejudice Count II of plaintiff's amended complaint.

### B. Plaintiff's remaining claims

The Court has supplemental jurisdiction over plaintiff's three remaining claims. Because the Court has disposed of the only claim over which it had subject matter jurisdiction, the Court exercises its discretion to dismiss the remaining state claims without prejudice. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits."). Counts I, III and IV are dismissed without prejudice.

Accordingly, defendant's other two motions to dismiss are denied as moot.

## IV. Conclusion

For the reasons set forth above, the Court grants defendant's motion [33] to dismiss Count II and dismisses without prejudice Count II. The Court also dismisses without prejudice Counts I, III and IV. The Court denies as moot defendant's other motions [35, 37] to dismiss.

The Court hereby grants plaintiff 45 days to file an amended complaint if she so chooses. Alternatively, plaintiff may file her claims in state court.

ENTER:

/s/ George M. Marovich

George M. Marovich
United States District Judge

DATED: October 14, 2008